UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Nathan Benjamin Patrick**, # 91947, | ) C/A No. 3:06-2242-CMC-JRM |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| **Columbia Police Department**, | ) |
| Defendant. | ) |

## *Background of this Case*

The plaintiff is a pre-trial detainee at the Alvin S. Glenn Detention Center in Columbia, South Carolina. The plaintiff has brought suit pursuant to 42 U.S.C. § 1983 against the City of Columbia Police Department. The plaintiff alleges and contends that he is a victim of identity theft. The plaintiff writes:

> * * * I have been unjustly Accused of a crime that I did not commit. And Also falsely arrested. The person that committed this crime has A picture in my Motion of Discovery that was taken by the South Carolina Highway Department. It is evident that the person has stolen my identity and obtained a drivers license. Because this information is in my Motion of Discovery, the investigators, solicitor, and judge can look at it and clearly see that I am not the purpertrator [sic] of this crime. I would like to take this time to request for my immediate Release and to be Adequately compensated for a year of my time.

(Complaint, at page 3 [irregular capitalization in original]). In his prayer for relief (Entry No. 5), the plaintiff reiterates his allegation that he is a victim of

1

identity theft. The plaintiff seeks a complete investigation on the fraudulent check charges, a formal apology, and one million five hundred thousand dollars ($1,500,000) in punitive damages.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review[1] has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

authority to conduct an initial screening of any *pro se* filing);[2] Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, Moffitt v. Loe, 446 U.S. 928 (1980); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978).  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).  *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

---

[2] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

The plaintiff's pending criminal charges concern fraudulent checks. Since the plaintiff is challenging matters pertaining to his pending criminal case, the § 1983 complaint is subject to summary dismissal because a right of action has not yet accrued.  *See* Heck v. Humphrey, 512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364, 1994 U.S. LEXIS® 4824 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. at 486-487 (footnote omitted). *See also* Woods v. Candela, 47 F.3d 545, 1995 U.S.App. LEXIS® 2495 (2nd Cir.)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, Candela v. Woods, 516 U.S. 808, 133 L.Ed.2d 18, 115 S.Ct. 54, 1995 U.S. LEXIS® 5329 (1995); Treece v. Village of Naperville, 903 F. Supp. 1251 (N.D.Ill. 1995); Seaton v. Kato, 1995 U.S. Dist. LEXIS® 2380,

4

*12-*13, 1995 WESTLAW® 88956 (N.D.Ill., February 28, 1995); and Smith v. Holtz, 879 F. Supp. 435, 1995 U.S.Dist. LEXIS® 3721 (M.D.Pa. 1995), *affirmed*, 87 F.3d 108, 1996 U.S.App. LEXIS® 15388 (3rd Cir.), *cert. denied*, Wambaugh v. Smith, 519 U.S. 1041, 136 L.Ed.2d 536, 117 S.Ct. 611, 1996 U.S. LEXIS® 7706 (1996).

Heck v. Humphrey is controlling in the above-captioned case because the events at issue took place after 1994. In any event, Heck v. Humphrey would apply retroactively. *See* Hooper v. Anderson, 50 F.3d 14, 1995 U.S.App. LEXIS® 676, *4 n. 1, 1995 WESTLAW® 11082 (9th Cir., January 10, 1995)(opinion on rehearing by panel; Heck v. Humphrey applies retroactively), *replacing* unpublished opinion reported in Hooper v. Anderson, 37 F.3d 1505, 1994 U.S.App. LEXIS® 28378 (9th Cir., October 6, 1994); and Smith v. Holtz, supra (plaintiff's Rule 60(b) motion granted because of decision in Heck v. Humphrey).

Although the decision in Heck v. Humphrey concerned a conviction, its rationale is also applicable to pre-trial detainees and to persons who are awaiting trial but are not confined (*i.e.*, persons who are awaiting trial but are "out on bond"). *See* Nelson v. Murphy, 44 F.3d 497, 1995 U.S.App. LEXIS® 116 (7th Cir. 1995)("[A]n inmate already participating in state litigation must

make his stand there rather than attempt the equivalent of federal-defense removal by filing an independent § 1983 suit."); Norris v. Super Cab Co., 1994 U.S.Dist. LEXIS® 16614, 1994 WESTLAW® 665193 (N.D.Cal., November 15, 1994); Daniel v. Ruph, 1994 U.S.Dist. LEXIS® 15145, 1994 WESTLAW® 589352 (N.D.Cal., October 12, 1994); and Barnett v. Thompson, 1994 U.S.Dist. LEXIS® 11990, 1994 WESTLAW® 478498 (N.D.Cal., August 22, 1994).

In Daniel v. Ruph, supra, a district court applied the holding in Heck v. Humphrey to a pre-trial detainee:

> In this case, plaintiff seeks damages under § 1983 based on a violation of his Sixth Amendment right to put on a meaningful defense. A judgment in favor of the plaintiff on that claim would imply the invalidity of his ongoing criminal proceedings. If plaintiff were successful in showing that he had been denied his constitutional right to prepare his defense, any conviction which flowed from that denial would be invalidated. Therefore, the instant allegations fail to state a cognizable claim under § 1983 and are DISMISSED without prejudice. * * *

Daniel v. Ruph, supra, 1994 U.S.Dist. LEXIS® 15145, at *4-*5, 1994 WESTLAW® 589352 (footnote following quotation omitted). In an earlier case, Norris v. Patsy, 1994 U.S.Dist. LEXIS® 11302, 1994 WESTLAW® 443456 (N.D.Cal., July 29, 1994), the court noted that, under Heck v. Humphrey, supra, "[a] judgment in favor of the plaintiff here would imply the

6

invalidity of pending state criminal proceedings which have not already been invalidated; . . . therefore, any request for damages pertinent to said proceedings is premature and must be DISMISSED."

Also on point is Hudson v. Chicago Police Department, 860 F. Supp. 521, 1994 U.S.Dist. LEXIS® 9351 (N.D.Ill. 1994), where the Honorable Marvin E. Aspen, United States District Judge, ruled that the complaint was subject to dismissal under Heck v. Humphrey. Judge Aspen, however, noted that the plaintiff could bring § 1983 action at a later date if a cause of action had accrued. Judge Aspen also held that "federal courts will not entertain a claim for damages under § 1983 if disposition of the claim would entail ruling on issues in dispute in pending state proceedings."  *Accord* Babcock v. Collord, 1994 U.S.Dist. LEXIS® 9661, 1994 WESTLAW® 374528 (N.D.Cal., July 5, 1994)(complaints subject to dismissal under Heck v. Humphrey can be dismissed under 28 U.S.C. § 1915(d)), *adopted*, 1994 U.S.Dist. LEXIS® 12741 (N.D.Cal., September 2, 1994).

Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings.  *See*, *e.g.*, Younger v. Harris, 401 U.S. 37, 44 (1971); Harkrader v. Wadley, 172 U.S. 148, 169-

7

170 (1898); Taylor v. Taintor, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873);³ Nivens v. Gilchrist, 319 F.3d 151, 2003 U.S.App. LEXIS® 2453 (4th Cir. 2003); and Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989), *cert. denied*, 494 U.S. 1030, 108 L.Ed.2d 616, 110 S.Ct. 1479, 1990 U.S. LEXIS® 1399 (1990).  In Cinema Blue of Charlotte, Inc. v. Gilchrist, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding.  Cinema Blue of Charlotte, Inc. v. Gilchrist, supra, 887 F.2d at 52.  Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings.  *See also* Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*), *cert. denied*, 424 U.S. 946 (1976).

In Bonner v. Circuit Court of St. Louis, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the

---

³Although the Supreme Court of the United States has not overruled Taylor v. Taintor, an unrelated portion of the decision in Taylor v. Taintor, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas.  *See* Green v. State, 829 S.W.2d 222, 223, 1992 Tex. Crim. App. LEXIS® 102 (Tex. Crim. App. 1992)("However, *Taylor* is not the law in Texas."), *affirming* Green v. State, 785 S.W.2d 955, 1990 Tex. App. LEXIS® 806 (Tex. App. Fort Worth 1990).

8

federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." The *pro se* plaintiff also does not meet the tests for a preliminary injunction or temporary restraining order enunciated in such cases as North Carolina State Ports Authority v. Dart Containerline Company, 592 F.2d 749, 750-753 & n. 3 (4th Cir. 1979).

In any event, it is clear that the plaintiff has not exhausted his state remedies. If the plaintiff is later convicted and sentenced in his pending criminal case, he has the remedy of filing a direct appeal. State v. Ard, 332 S.C. 370, 505 S.E.2d 328, 1998 S.C. LEXIS® 136 (1998).[4] If his direct appeal is unsuccessful, the plaintiff can file an application for post-conviction relief. *See* § 17-27-10, *et seq.*, South Carolina Code of Laws. Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and Knight v. State, 284 S.C. 138, 325 S.E.2d 535, 1985 S.C. LEXIS® 312 (1985).[5] In

---

[4]Unrelated portions of the holding in State v. Ard have been superannuated by later case law.

[5]In fact, South Carolina prisoners have been successful on such appeals in their post-
(continued...)

fact, South Carolina prisoners have been successful on such appeals in their post-conviction cases.  *See*, *e.g.*, Riddle v. Ozmint, 369 S.C. 39, 631 S.E.2d 70, 2006 S.C. LEXIS® 177 (2006); Vaughn v. State, 362 S.C. 163, 607 S.E.2d 72, 73-76, 2004 S.C. LEXIS® 296 (2004); and Stevens v. State, 365 S.C. 309, 617 S.E.2d 366, 2005 S.C. LEXIS® 221(2005).

It is well settled that a direct appeal is a viable state court remedy. Castille v. Peoples, 489 U.S. 346, 349-352, 103 L.Ed.2d 380, 109 S.Ct. 1056, 1989 U.S. LEXIS® 1040 (1989).  The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is also a viable state-court remedy.  *See* Miller v. Harvey, 566 F.2d 879, 880-881 (4th Cir. 1977), *cert. denied*, 439 U.S. 838 (1978); and Patterson v. Leeke, 556 F.2d 1168, 1170-1173 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977).

In the above-captioned civil rights action, this federal district court cannot order the dismissal of the plaintiff's criminal charges or the plaintiff's release from confinement.  Under Heck v. Humphrey, supra, "[r]elease from prison is not a remedy available under 42 U.S.C. § 1983."  Myers v. Pauling,

---

(...continued)
conviction cases.  *See*, *e.g.*, Riddle v. Ozmint, 2006 S.C. LEXIS® 177, 2006 WESTLAW® 1389541 (S.C., May 22, 2006), which was a death penalty case; Vaughn v. State, 362 S.C. 163, 607 S.E.2d 72, 73-76, 2004 S.C. LEXIS® 296 (2004); and Stevens v. State, 2005 S.C. LEXIS® 221(2005).

1995 U.S.Dist. LEXIS® 7628, 1995 WESTLAW® 334284 (E.D.Pa., June 2, 1995).  *See also* <u>Edwards v. Balisok</u>, 520 U.S. 641, 137 L.Ed.2d 906, 117 S.Ct. 1584, 1997 U.S. LEXIS® 3075 (1997).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process.  *See* <u>Denton v. Hernandez</u>, <u>supra</u>; <u>Neitzke v. Williams</u>, <u>supra</u>; <u>Haines v. Kerner</u>, <u>supra</u>; <u>Brown v. Briscoe</u>, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715  (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); <u>Boyce v. Alizaduh</u>, <u>supra</u>; <u>Todd v. Baskerville</u>, <u>supra</u>, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].

I also recommend that this case be deemed to be a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).  *See* 28 U.S.C. § 1915(e)(2) and (g).  These provisions require an inmate to pay the filing fee for his or her

case in advance after he or she has had three cases "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Id. As discussed above under Heck v. Humphrey, supra, a prisoner must show that his or her conviction or sentence has been reversed or vacated before he or she can recover in tort for the unlawful conviction or sentence. Where, as here, the conviction, sentence, or order of pre-trial detention has not been overturned, the inmate's constitutional tort action under § 1983 must be dismissed. Several courts have held that a dismissal under Heck constitutes a "strike" under 28 U.S.C. § 1915(e)(2) and (g). *See* Sandles v. Randa, 945 F. Supp. 169, 1996 U.S.Dist. LEXIS® 17810 (E.D. Wis. 1996); Sanders v. DeTella, 1997 U.S.Dist. LEXIS® 2838, 1997 WESTLAW® 126866 (N.D.Ill., March 13, 1997)(unpublished); and Grant v. Sotelo, 1998 U.S.Dist. LEXIS® 16798, 1998 WESTLAW® 740826 (N.D.Tex., October 19, 1998)(unpublished).[6] *See also* Adepegba v. Hammons, 103 F.3d 383, 384, 1996 U.S.App. LEXIS® 33974 (5th Cir. 1996)(noting that district court dismissed a claim as frivolous under Heck and declining to address the

---

[6]In Grant, the court recognized that "the question may be raised whether a cause dismissed pursuant to Heck considerations should be considered for purposes of computing the three strikes..." but followed the decisions of Sandles and Sanders.

propriety of the district court's dismissal because plaintiff had not exhausted his appeal) and *cf.* Okoro v. Bohman, 164 F.3d 1059, 1061-1064, 1999 U.S.App. LEXIS® 185 (7th Cir. 1999).  Thus, the undersigned concludes that this action is frivolous under 28 U.S.C. § 1915(e)(2) and (g) and should be deemed a "strike" under this statute.   The plaintiff's attention is directed to the Notice on the next page.

                                          Respectfully submitted,

August 18, 2006                  s/Joseph R. McCrorey
Columbia, South Carolina      United States Magistrate Judge

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**

# The **_Serious Consequences_** of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must _specifically identify_ the portions of the Report and Recommendation to which objections are made _and_ the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are _not_ sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

_Accord_ Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded _pro se_ in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

_See also_ Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a _pro se_ litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(_per curiam_)("plaintiff's objections lacked the specificity necessary to trigger _de novo_ review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** _See_ Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**